he was Julia Stamps' son. He staid around there about fifteen or twenty minutes after she ordered him to leave, and then got on his mule and rode off without saying anything. He did not come into the house. The house had been occupied by negroes prior to the McJunkins moving into it in January, 1894, and there was a negro house on the public road about a half-mile away.

Edward Young and Hart & Sibley, for plaintiff in error. H. G. Lewis, solicitor-general, by Hines & Felder and A. H. Davis, contra.

---

## Duncan v. The State.

95 477
s97 181

Atkinson, J.—1. Where, in a trial for rape, the contention of the accused was that he had no connection whatever with the perpetration of the offense, it was error, in charging the jury with reference to the alleged crime, to use the following expressions: "Now you will have reference and cognizance of the evidence in the case which connects the defendant with it." "But if you do not believe that upon consideration of the whole evidence and weighing the whole of it, that the defendant's testimony outweighs that of the State, which places the man (the accused) there at the time, then you should not believe the *alibi.*" The expressions contain intimations of opinion on the part of the presiding judge that the accused was connected with the perpetration of the crime and that he was present at the place where it was committed; and therefore, under section 3248 of the code, a new trial must be granted.

2. While other rulings and charges of the presiding judge are not entirely free from criticism, there was not in any of them, save as indicated in the preceding note, any error requiring the granting of a new trial.       *Judgment reversed.*

February 18, 1895. By two Justices.

Indictment for rape. Before Judge Clark. Fulton superior court. September term, 1894.

John Clay Smith and Peter Francisco Smith, for plaintiff in error. C. D. Hill, solicitor-general, contra.